# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH BERRY, a/k/a JOSEPH BARRY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV408-201 |
| SAVANNAH CHATHAM COUNTY METROPOLITAN POLICE DEPARTMENT; DELMONTE HUNT; JOHN SMITH, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Report and Recommendation (R&R) entered in *Berry v. Savannah Chatham Metro Police Dep't*, No. CV408-225 (S.D. Ga. filed Nov. 14, 2008), the Court granted pro se plaintiff Joseph Berry leave to proceed in forma pauperis in this case but stayed it pending the district judge's consideration of the CV408-225 R&R. Doc. 6. In that R&R, the undersigned recommended that this case be consolidated into CV408-225 because the two cases were essentially the same. (Berry, for that matter, is a repeat customer, *see* CV408-225 doc. 3 at 1-2.)

Case number CV408-201, incidentally, is before Judge B. Avant

Edenfield, while CV408-225 has been before Chief Judge William T. Moore. As the earlier-in-time jurist (Judge Moore had already disposed of a Berry case and thus Local Rule 3.1 suggested that all Berry cases should have gone to him), the undersigned advised Judge Moore to transfer, then consolidate CV408-201 into CV408-225. CV408-225 doc. 3 at 2-3.

Berry Objected under F.R.Civ.P. 72(b)(2). CV408-225 doc. 5. He asked the Court to dismiss CV408-225 without prejudice and let CV408-201 proceed without being consolidated with CV408-225. *Id.* Judge Moore granted that request, thus closing out CV408-225. CV408-225 doc. 9. That leaves this (currently stayed) case, CV408-201, extant.

Accordingly, the Court **VACATES** its stay in CV408-201, doc. 6, and now screens Berry's complaint under 28 U.S.C. § 1915A.[1] To that end, Berry's complaint alleges that he was arrested and searched without a

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. PLRA requires this Court to conduct an early screening of any civil complaint in which an inmate seeks redress from a government entity or official. 28 U.S.C. § 1915A. The Court thus must identify viable claims and dismiss those that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.*; *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

warrant and suffered excessive force in the process. Doc. 1 at 5. Since his October 16, 2008 complaint form lists a Chatham County, Georgia jail address, the Court consulted Chatham County's court docket and found no criminal case pending against him. The Georgia Department of Corrections (GDOC), however, lists a Joseph William Berry who commenced serving a current sentence on April 22, 2009. *See* http://www.dcor.state.ga.us/GDC/ OffenderQuery/jsp/OffQryRedirector.jsp (site last visited May 20, 2009); *see also* doc. 9 (Berry's notice of change of address to a Georgia state prison).

Given the high probability that Berry's complaint is related to an arrest, prosecution, conviction and sentence, the Court requires more information, since § 1983 claims of this sort are often barred by cases like *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a prisoner's § 1983 action cannot proceed if a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence) and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). *See also Jerkins v. Allen*, 2009 WL 597202 at *1-2 (M.D. Ala. Mar. 9, 2009) (unpublished). Hence, Berry's lawsuit would face dismissal and subject him to another 28 U.S.C. § 1915(g) strike were this the case.

In order to complete a proper screening, then, the Court is attaching a GDOC print-out to this Order and directing Berry, within 15 days of the date this Order is served, to address whether (1) the print-out accurately reflects Berry's current status (i.e., he is incarcerated pursuant to a criminal court conviction and sentence); (2) he has challenged or is challenging any criminal court conviction (and if so, he must supply the case name, number and name of the court for any prosecution against him).

In the caption of all future filings with this Court, Berry shall also include his full (including his middle) name, as well as any aliases he has used, plus the inmate number assigned to him.[2] Should Berry fail to comply with this Order within 15 days of the date that it is served, the Court will advise dismissal with prejudice under Fed. R. Civ. P. 41(b) and Local Rule 41.1. The Clerk shall recall this case for the undersigned after that 15-day period.

**SO ORDERED** this 21st day of May, 2009.

/s/ _____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] He is not to send any letters to this Court, but rather file a brief titled "Response to Court Order."

4