# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH WILLIAM BERRY, <br> a/k/a JOSEPH W. BARRY, <br> a/k/a/ JOSEPH WILLIAM BARRY, <br> Inmate Number 905056, <br><br> Plaintiff, <br><br> v. <br><br> SAVANNAH CHATHAM COUNTY <br> METROPOLITAN POLICE <br> DEPARTMENT; DELMONTE <br> HUNT; JOHN SMITH, <br><br> Defendants. | Case No. CV408-201 |

## REPORT AND RECOMMENDATION

This Court directed pro se inmate/plaintiff Joseph William Berry to provide it with additional identifying information (including verification that he in fact was the inmate depicted in a Georgia Department of Corrections print-out) so that the Court could better analyze his 42 U.S.C. § 1983 claims under 28 U.S.C. § 1915A. Doc. 10. Berry complied with a Motion To Amend filing, doc. 11, and this Court granted him leave to amend. Doc. 12. In that motion, Berry represented that he wanted to change his legal theories and dismiss two defendants. Doc. 11.

The day after the Court entered its "amend" Order, Berry filed (evidently crossing in the mail with that Order) his "Response" to the Court Order directing him to submit additional information (doc. 10). Doc. 13. Its caption shows that he has not dismissed any defendant but in fact has added the "Chatham County Sheriff Complex." *Id.* at 1. His complaint alleges that he was arrested and searched without a warrant and that he suffered excessive force in the process. Doc. 1 at 5. In his latest filing he concedes that he has been convicted and imprisoned for drug and obstruction-of-justice based, state law crimes. Doc. 13 at 3-4. He thus seeks to sue the arresting officers for Fourth Amendment violations that led up to those convictions. Doc. 1; doc. 13.

At the same time, however, he insists that he is *not* challenging his conviction: "[I] am not challenging nor have I successfully challenged any criminal court conviction." Doc. 13 at 3. He then reiterates his Fourth Amendment (illegal search, seizure, false arrest/prosecution) allegations before insisting that this § 1983 "case should not face dismissal or be dismissed." *Id.* at 4.

Nevertheless, Berry's *complaint* seeks both damages and a demand

that "all the charges . . . dismissed and dropped and me freed." Doc. 1 at 11. His latest filing does not alter this but instead merely adds to his claims and supplies additional argument in support of them. Plaintiff thus validates what this Court suspected (and warned him about accordingly): he has essentially filed a habeas petition masquerading as a § 1983 claim.

In that regard, substance must always govern over nomenclature. *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal"). At bottom, Berry advances no cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2254 federal habeas claim. In *Heck v. Humphrey*, 512 U.S. 477 (1994),

> the Court considered a different, but related, circumstance. A state prisoner brought a § 1983 action for damages, challenging the conduct of state officials who, the prisoner claimed, had unconstitutionally caused his conviction by improperly investigating his crime and destroying evidence. 512 U.S., at 479, 114 S.Ct. 2364. The Court pointed to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.*, at 486, 114 S.Ct. 2364. And it held that where "establishing the basis for the damages claim necessarily demonstrates the

invalidity of the conviction," *id.*, at 481-482, 114 S.Ct. 2364, a § 1983 action will not lie "unless ... the conviction or sentence has already been invalidated," *id.*, at 487, 114 S.Ct. 2364. The Court then added that, where the § 1983 action, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment ..., the action should be allowed to proceed." *Ibid.* (footnote omitted).

*Wilkinson v. Dotson*, 544 U.S. 74, 80 (2005). Here Berry does not allege that his conviction has been invalidated, only that he believes the officers who arrested him in conjunction with his prosecution violated his rights, must pay him damages, and that his charges should "be dropped and me freed." Doc. 1 at 11. He is thus attacking the legality of his custody, so his claims provide no basis for relief at this time. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a prisoner challenges the fact or duration of his confinement, "his sole federal remedy is a writ of habeas corpus.").

The Court therefore should summarily **DISMISS** his complaint, under 28 U.S.C. § 1915(e)(2)(B)(ii), **WITHOUT PREJUDICE** to refile after he has invalidated his conviction. Furthermore, the Court warned Berry that he would face a 28 U.S.C. § 1915(g) strike if he persisted in advancing a masqueraded habeas case. Doc. 10 at 3; *see also Rivera v. McNeil*, 2009 WL 1154118 at * 2 (S.D.Fla. Apr. 24, 2009) (unpublished)

(including, in that court's list of cases qualifying for § 1915(g) strikes, "Civil rights claims raised by a state prisoner pursuant to Title 42 U.S.C., or raised by a federal prisoner pursuant to *Bivens*, attacking his or her confinement, which are dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and provisions of the PLRA under 28 U.S.C. §§ 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B)"). Berry elected not to heed that warning. Therefore, this case should also count as a § 1915(g) strike against him.

**SO REPORTED AND RECOMMENDED** this  10th   day of June, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA